IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

**Torrie Johnson,**

    *Plaintiff,*

    vs.

**Johns Hopkins Carey Business School,** *et al.*

    *Defendants.*

**Civil Action No.:** 1-18-cv-01862-CCB

### MEMORANDUM IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Brenna Alexander and Samuel Klein, through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), submit this Memorandum in Support of their Motion to Dismiss the Complaint with prejudice as to each of them.

I. **Factual Background**

On June 21, 2018, plaintiff Torrie Johnson filed a one-count complaint against defendants the Johns Hopkins University, Brenna Alexander, and Samuel Klein. Dkt. No. 1. Ms. Johnson alleges that Samuel Klein interviewed her for a position as Budget Specialist at the Johns Hopkins University Carey Business School. Ms. Johnson alleges further that, after offering her the position, defendant Brenna Alexander inquired about her age multiple times, prompting Ms. Johnson to inform her that she was well over 40 years old. Shortly thereafter, Ms. Alexander

rescinded the employment offer allegedly because of Ms. Johnson's age and in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*

## II. Standard

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. It does not resolve disputes regarding factual issues, the merits of a claim, or the applicability of defenses. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As such, a Rule 12(b)(6) motion should be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level. *Vance v. CHF Intern.*, 914 F. Supp. 2d 669, 677 (D.Md. 2012); *Andrew v. Clark*, 561 F.3d 261, 266 (D.Md. 2009).

## III. Legal Argument

Taking all the allegations of the Complaint as true, Ms. Johnson is still not entitled to relief from individual defendants Brenna Alexander and Samuel Klein because the Fourth Circuit does not recognize individual liability for an employer's agent under the ADEA. The Complaint should be dismissed as to each of them.

In *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir. 1994), plaintiffs sued their former employer and a fellow employee for discrimination in violation of the ADEA. The parties tried the case to a jury which awarded the plaintiffs damages but did not find that the defendants had willfully violated the law. On a motion for judgment as a matter of law, the district court found against the plaintiffs, prompting their appeal to the Fourth Circuit.

Preliminarily, the Fourth Circuit addressed whether the plaintiffs' fellow employee was a proper defendant. The Court acknowledged that several courts rely upon the use of the word "agent" in 29 U.S.C. § 630(b) to create liability for individual employees. But the Fourth Circuit disagreed. The Court observed that § 630(b) restricts the application of the ADEA to those "employers" who employ twenty or more workers, presumably to reduce the burden of the ADEA on small businesses. Contemplating Congress' intent, the Court reasoned it would be incongruous to hold that the ADEA does not apply to an employer with only 10 employees but that it does apply to a person who supervises 10 employees if that person works for a company that has 20 or more employees. Instead, the Court reasoned, § 630(b) merely expresses liability for an employer where a discriminatory personnel action is taken by its agent. The *Birkbeck* Court thus held that the ADEA limits civil liability to the employer and that the individual employee was not a proper defendant in that case. *Id.* at 510-11.

In this case, Ms. Johnson identifies two Johns Hopkins University employees as defendants but neither of them is an appropriate defendant. Because Ms. Alexander and Mr. Klein cannot be held liable under *Birkbeck*, the complaint should be dismissed as to each of them.[1] *See id.* at 511; *see also Scott v. Maryland State Dep't of Labor*, 673 Fed. Appx. 299, No. 15-1617 (4th Cir. 2016) (affirming dismissal of the plaintiff's ADEA claim against the individual defendants) (citing *Birkbeck*, 30 F.3d at 510-11); *Gross v. Morgan State Univ.*, 308 F. Supp. 3d 861, 866 (D.Md. 2018) ("the Fourth Circuit has ruled that ADEA liability is limited to the employer . . . and, consequently, Brown is not a proper defendant in the instant case even if she

---

[1] In the alternative, the Complaint should be dismissed because Ms. Johnson failed to name either of them as respondents in the Charge of Discrimination she filed with the Equal Employment Opportunity Commission. *See* Charge of Discrimination attached hereto as Exhibit A. This omission constitutes a failure to exhaust her administrative remedies sufficient for the Complaint to be dismissed as to each of them. *See Causey v. Balog*, 929 F. Supp. 900, 906 n.3 (D.Md. 1996) (noting that the plaintiff's "ADEA and Title VII claims against the individual defendants fail for the additional reason that he did not name them as respondents in his administrative charges." (citation omitted)).

were not clothed in sovereign immunity.") (citing *Birkbeck*, 30 F.3d at 510-11); Ferebee *v. Dep't of Human Relations Comm'n*, 2018 WL 731682, No. TDC-16-3803, *2 (D.Md. Feb. 5, 2018) (dismissing ADEA claim against individual defendant).

## IV.     Conclusion

The issue before the Court is straightforward.  There is no liability for individuals under ADEA decisional law in this Circuit.  The Complaint must be dismissed with prejudice as to both Brenna Alexander and Samuel Klein.

Date:   November 5, 2018                                 Respectfully submitted,

 s/ Jennifer DaCosta
Jennifer DaCosta (Federal Bar No. 19562)
Johns Hopkins University
Office of the Vice President
and General Counsel
3400 N. Charles Street
Garland Hall 113
Baltimore, Maryland 21218
Tel: (410) 516-8128
Fax: (410) 516-5448
jdacosta@jhu.edu

*Attorney for Defendants*
*The Johns Hopkins University,*
*Brenna Alexander, and Samuel Klein*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of November, 2018, I caused a true and correct copy of the foregoing to be served via first class mail on:

        Torrie Johnson
        346 E. Belvedere Avenue
        Baltimore, Maryland 21212

        *Pro se Plaintiff*

                                        s/ Jennifer DaCosta
                                        Jennifer DaCosta