IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TORRIE JOHNSON \*

v. \* Civil No. CCB-18-1862

JOHNS HOPKINS CAREY BUSINESS SCHOOL \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM

Plaintiff Torrie Johnson, representing herself, has sued Johns Hopkins Carey Business School ("Carey") claiming that her offer of employment was rescinded because of her age. Now pending is Carey's motion for summary judgment, to which Johnson has responded. For the reasons that follow, the court will grant the motion.

In October 2016, Ms. Johnson, then age 59, applied for a position as a budget specialist at Carey, supported by a resume which included over 25 years of experience. She was interviewed in person by Samuel Klein, Senior Financial Manager, who "liked her" and decided to offer her the job. ECF No. 32, Ex. 3, Klein Decl. ¶¶ 1, 6, 7, 9, 10. The offer was contingent on Johnson's successful completion of a reference check, education and employment verifications, and a background check. ECF No. 32, Ex. 6.

The process of verifying Johnson's prior employment, date of birth, and social security number became a delayed and difficult one, however, leading Klein to become concerned about Johnson's suitability for what he viewed as a customer service position, which in his mind required, e.g., prompt responses to emails. Klein Decl. ¶¶ 2, 12, 15–17. Concerns also were raised about the difficulty in obtaining Johnson's cooperation to verify her employment with a past employer, Reserve Maryland; without which Johnson would not have met the minimum qualifications of the experience required for the job. ECF No. 32, Ex. 2, Marine Decl. ¶ 26. After

two weeks or more had passed, and Johnson's start date already had to be postponed due to Johnson's failure to complete the contingent tasks, Klein decided to rescind the job offer. Decl. ¶ 19, 22. By affidavit, Klein has denied that Johnson's age played any part in his decision, Decl. ¶ 20, and Johnson has proffered no evidence to the contrary.[1]

Johnson alleges that, just prior to the offer being rescinded, she had told another Carey employee involved in the hiring process, Brenna Alexander, that she was "well over 40 years old." ECF No. 32, Ex. 3, Johnson Dep. p. 83. The temporal proximity of these events, standing alone, does not support denial of summary judgment. There simply is no evidence that Klein, who decided to hire Johnson after a personal interview and a review of her resume, would not have already assumed she was over 40, or that he rescinded his offer because of her statement to Ms. Alexander. Klein, who denies knowing of Johnson's statement to Alexander, Decl. ¶ 21, had personally hired, prior to Johnson, employees aged 22, 31, 34, 43, and 62. Decl. ¶ 25.

Johnson has failed to proffer any evidence to show that Carey's legitimate business reason for rescinding the offer of employment was a pretext for discrimination. *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000), *Pulley v. KPMG Consulting, Inc.*, 348 F. Supp. 2d 388, 397 (D. Md. 2004). Accordingly, Carey's motion will be granted. A separate Order follows.

5/14/19
Date

Catherine C. Blake
United States District Judge

---

[1] Apparently, she sincerely but incorrectly believed that an employer could not request her DOB and SSN in order to prepare to bring her on board as an employee.